UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. CORTES-SALCEDO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING, et al.,<br><br>Defendants. | No. 2:20-cv-0048 DB P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officers used excessive force against him when they arrested him. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 4) and his first amended complaint for screening complaint (ECF No. 10) for screening. For the reasons set forth below the court will grant the motion to proceed in forma pauperis and give plaintiff the option to proceed with the complaint as screened or to file an amended complaint.

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 4.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred in Redding, California. (ECF No. 10 at 1.) He has named the following defendants in this action: (1) the City of Redding; (2) Redding Police Officer Jaegel; and (3) Redding Police Officer Gross. (Id. at 2.)

Plaintiff claims that on March 5, 2019, he was walking with two friends, when they were approached by officer Jaegels. (Id. at 3.) Plaintiff felt Jaegels looked angry and backed away

3

from him.  Jaegels continued to approach and plaintiff turned and ran away.  Jaegels caught up to plaintiff and pushed him, causing plaintiff to fall.  Plaintiff hit his head and lost consciousness.  When plaintiff regained consciousness, his hand had been restrained behind his back and he was being assaulted by Jaegles and officer Gross.  (Id. at 3-4.)  He alleges officers kicked him, kneed him, and struck him with closed fists.  (Id. at 4.)  He further alleges officers used racial slurs while they attacked him.  Finally, plaintiff alleges one officer put his boot on plaintiff's head and the other dragged plaintiff down the street causing plaintiff to suffer scrapes on his face.

Plaintiff alleges that after officers assaulted him, he was taken to Mercy Medical Center.  (Id. at 6.)  However, officers Jaegles and Gross falsely told the nurse that plaintiff refused treatment.  Plaintiff was taken to jail without treatment for his injuries.  Plaintiff seeks a declaration that his rights were violated, as well as compensatory and punitive damages.  (Id. at 8.)

**III.   Does Plaintiff State a Claim Under § 1983?**

**A. Excessive Force**

A claim of excessive force in the course of making an arrest may be brought in a § 1983 claim.  An excessive force claim at the time of arrest is analyzed under the Fourth Amendment's objectively reasonableness standard.  Scott v. Harris, 550 U.S. 372, 381(2007); Graham v. Connor, 490 U.S. 386, 394 (1989).  This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation."  Id. at 397 (citations omitted).

Plaintiff has alleged that defendants Jaegels and Gross assaulted him while he was unconscious and restrained.  The court finds such allegations sufficient to state a claim.

**B. Medical Care**

Where a plaintiff alleges that he was deprived of adequate medical care during and/or immediately following an arrest, are analyzed under the Fourth Amendment.  Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1098-99 (9th Cir. 2006); see also Graham, 490 U.S. at 394.  Officers are required to give reasonable post-arrest care to an arrestee.  Tatum, 441 F.3d at 1098-99.  Officers act reasonably "by either promptly summoning the necessary medical help or

4

by taking the injured detainee to a hospital." Id. at 1099; see also City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983); Holcomb v. Ramar, No. 1:13-cv-1102 AWI SKO, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013).

While plaintiff stated that officers took him to a hospital, he has alleged that they prevented him from receiving treatment. The court finds that for the purposes of screening under § 1915, such allegations are sufficient to state a claim.

### C. Municipal Liability

"In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). Thus, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex. rel. Hernandez v. Cnty. Of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[] how the policy/custom was deficient, explain[] how the policy/custom caused the plaintiff harm, and reflect[] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148

////

F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Because the complaint does not contain any allegations explaining the basis for the city's liability, the court finds that he has failed to state a claim against the city.

### D. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." James v. City of Seattle, 2011 WL 6150567 at *13 (W.D. Wash. Dec. 12, 2011); see also Whren v. United States, 517 U.S. 806 (1996) (holding that claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause). Thus, to state a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted).

Plaintiff has alleged that defendants used racial slurs while they arrested him. However, there are no other allegations in the complaint that would show defendants had an intent to discriminate against plaintiff based on membership in a protected class. Additionally, to the extent plaintiff alleges that officers violated his rights, based on their use of racial slurs, such allegations may show that they were unreasonable, but does not state a separate constitutional violation. Forte v. Hughes, No. 1:13-cv-1980 LJO SMS, 2014 WL 2930834 at *8 (E.D. Cal. June 27, 2014).

### AMENDING THE COMPLAINT

As set forth above, plaintiff will be given the option to proceed with the complaint as screened or file an amended complaint. In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.

1  Rizzo, 423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named
2  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
3  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
4  connection between a defendant's action and the claimed deprivation.  Id.; Johnson v. Duffy, 588
5  F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
6  participation in civil rights violations are not sufficient."  Ivey, 673 F.2d at 268.

7       Plaintiff is advised that in an amended complaint he must clearly identify each defendant
8  and the action that defendant took that violated his constitutional rights.  The court is not required
9  to review exhibits to determine what plaintiff's charging allegations are as to each named
10 defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The
11 charging allegations must be set forth in the amended complaint so defendants have fair notice of
12 the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in
13 support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See
14 Fed. R. Civ. P. 8(a).

15      Any amended complaint must show the federal court has jurisdiction, the action is brought
16 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
17 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
18 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
19 Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
20 he does an act, participates in another's act or omits to perform an act he is legally required to do
21 that causes the alleged deprivation).

22      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
23 R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
24 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
25 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

26      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
27 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
28 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Shasta County Jail filed concurrently herewith.
3. Plaintiff's complaint states a potentially cognizable claim against defendants Jaegels and Gross as set forth in Section III above. The complaint does not state any additional claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.
4. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

////

////

5. Plaintiff is advised that his failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: September 16, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/cort0048.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. CORTES-SALCEDO, <br><br>Plaintiff, <br><br>v. <br><br>CITY OF REDDING, et al., <br><br>Defendants. | No.  2:20-cv-0048 DB P <br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his Fourth Amendment claims against defendants Jaegels and Gross.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

                                                    Martin Cortes-Salcedo
                                                    Plaintiff pro se